UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTICE HILL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-4273-MMM |
| | ) |
| JOHN DOE CORRECTIONAL OFFICERS | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW - AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement at the Rock Island County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### ANALYSIS

Plaintiff, a pretrial detainee, alleges that on January 7, 2021, a second shift John Doe officer did not give him his one hour out of cell time for exercise and a shower, and did not clean his cell. He realleges these same complaints on January 8 through January 12, 2021. It is not clear, however, whether Plaintiff is referring to one officer, five different officers or some other

1

number. It is also unclear whether Plaintiff is claiming he had no out of cell time in this five-day period or whether he was allowed this time by some of the officers and denied it by others.

Plaintiff also alleges that officers were mean to him every day he was in the Jail, without pleading any specifics. Plaintiff also claims that he was unable to grieve these matters as, despite his requests, he was not provided grievance forms. Plaintiff requests money damages of $100,000 for each day spent in jail and $10,000 for each time he was denied out of cell time.

## ANALYSIS

As Plaintiff is a pretrial detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. Under the Fourteenth Amendment standard, a detainee must make an objective showing that the challenged conditions were sufficiently serious and a subjective showing that "the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). That is, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Id.* at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *12 (7th Cir. 2018). Furthermore, the conditions of confinement must amount to extreme deprivation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Conditions which are "restrictive and even harsh" do not reach this standard. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Here, Plaintiff fails to plead that he was subjected to conditions which amounted to a deprivation extreme enough to violate the constitution. In addition, he fails to plead that there

was an excessive risk to health or safety; that Defendants knew or should have known of it; and that Defendants failed to act with reasonable care. *Darnell*, 849 F.3d at 35.

In addition, to the extent that Plaintiff's prayer for relief is one for compensatory damages, he may not assert such a claim under § 1983. *Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003) (§1983 does not allow a claim for compensatory damages without evidence of physical injury). Plaintiff may, however, recover nominal or punitive damages absent physical injury.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given an opportunity, within 30 days, to file a second amended complaint should he wish. The second amended complaint is to stand complete, on its own, as piecemeal complaints are not allowed. Failure to file a second amended complaint will result in the dismissal of this case without prejudice for failure to state a claim.

2. Plaintiff files [5], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

6/11/2021
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE